JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Macy,<br><br>PLAINTIFF(S)<br><br>v.<br><br>San Bernardino Land Use Services,<br>a public entity,<br><br>DEFENDANT(S) | **CASE NUMBER**<br><br>5:24-cv-02538-RGK-BFM<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

*signature: Gary Klausner*

December 3, 2024

Date

United States District Judge

On November 26, 2024, Plaintiff filed a Civil Rights Complaint and a Request to Proceed in Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that Defendant is wrongfully charging "$1,300 for a simple lot line adjustment/lot merger." (ECF No. 1 at 2.) A lot line adjustment or merger involves the reconfiguration of boundary lines between adjacent parcels of land. See San Dieguitio Partnership v. City of San Diego, 7 Cal. App. 4th 748, 758-59 and n.11 (1992). Plaintiff raises two causes of action in challenging the $1,300 charge: (1) it is an excessive fine and fee, and (2) it constitutes religious discrimination. (ECF No. 1 at 4-7.) Plaintiff also suggests that the $1,300 charge is an unconstitutional taking. (Id. at 3.) Plaintiff seeks $10,000 in damages. (Id. at 7.) As stated below, the Complaint is dismissed without leave to amend.

First, Plaintiff has not stated a claim for an excessive fine and fee. The Excessive Fines Clause of the Eighth Amendment applies only to punishments with a retributive or deterrent purpose. Wright v. Riveland, 219 F.3d 905, 915 (9th Cir. 2000). Because an application to reconfigure boundary lines cannot be characterized as wrongdoing, the $1,300 charge cannot be characterized as punishment.

Second, Plaintiff has not stated a substantial federal question in alleging, without any elaboration, religious discrimination. Approval of lot line adjustments or mergers is generally not discretionary, such that the "public official merely applies the law to the facts as presented but uses no special discretion or judgment in reaching a decision." Sierra Club v. Napa County Bd. of Supervisors, 205 Cal. App. 4th 162, 177 (2012). Plaintiff cannot reasonably claim that this process, which applies uniformly without special discretion or judgment, is religious discrimination. Thus, his discrimination claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." Hoye v. Sullivan, 985 F.2d 990, 991–92 (9th Cir. 1993); see also Dinneen v. Williams, 219 F.2d 428, 430 n.8 (9th Cir.1955) ("Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction.").

Third, Plaintiff has not stated a claim for an unconstitutional taking. Plaintiff appears to rely on the Supreme Court's takings jurisprudence involving exactions, or the demand of money for a land-use permit. (ECF No. 1 at 3.) But "[i]t is beyond dispute that taxes and user fees . . . are not takings." Koontz v. St. Johns River Water Management Dist., 570 U.S. 595, 615 (2013) (alterations omitted). "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." United States v. Sperry Corp., 493 U.S. 52, 63 (1989). Plaintiff is seeking a government service, specifically, the approval of reconfigured boundary lines, for which Defendant "has an obvious interest in making those who specifically benefit for its services pay the cost." Id. Moreover, Plaintiff's reliance on a theory of exactions is unavailing because that theory is limited to land-use decisions involving the development of property. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 702 (1999). Plaintiff is not seeking approval to develop his property. See City of Gridley v. Superior Court, 104 Cal. App. 5th 1201, 1215 (2024) (rejecting exactions argument where the case did not "involve a development, a development impact, or any impact at all that the [government entity] is seeking to address").

Finally, given these deficiencies, leave to amend is not warranted. Nothing suggests that additional factual allegations could cure Plaintiff's inability to allege a cognizable federal claim. See Parents for Privacy v. Barr, 949 F.3d 1210, 1239 (9th Cir. 2020) ("The problem with Plaintiffs' complaint, however, is not the sufficiency of their factual allegations. Rather, as we have explained above, Plaintiffs' legal theories fail. . . . Further amendment would simply be a futile exercise."); Mirmehdi v. United States, 689 F.3d 975, 985 (9th Cir. 2012) (where the plaintiff's "woes are not caused by insufficient allegations of factual content, no potential amendments would change the outcome"). Thus, the Complaint is dismissed without leave to amend. The dismissal is without prejudice to Plaintiff seeking relief, if any is available, in state court.

*(attach additional pages if necessary)*